```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
CHRISTOPHER LACCINOLE,              )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )   C.A. No. 22-233 WES
                                    )
MRS BPO, LLC; SAUL FREEDMAN;        )
JEFFREY FREEDMAN; and DOES 1-10     )
                                    )
     Defendants.                    )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

This is the second of three related actions brought by Plaintiff Christopher Laccinole against Defendants MRS BPO, LLC ("MRS"), and several employees of MRS alleging violations of multiple federal and state consumer protection statutes. Defendants have moved to dismiss this action in its entirety, arguing that it is barred by the prohibition against claim splitting.[1]  See Mem. Supp. Defs.' Mot. Dismiss 1 ("Defs.' Mem."), ECF No. 4-1.  For the reasons stated below, Defendants' Motion to Dismiss, ECF No. 4, is GRANTED.

---

[1] Defendants also move to dismiss all causes of action against Defendants Saul Freedman and Jeffrey Freedman for lack of personal jurisdiction, and to dismiss Counts I through IV of the Complaint for failure to state a plausible claim for relief.  See Mem. Supp. Defs.' Mot. Dismiss at 1 ("Defs.' Mem."), ECF No. 4-1.  Plaintiff has also moved for leave to amend his Complaint.  See Pl.'s Mot. Leave Amend Compl., ECF No. 11. Because the Court concludes that this action must be dismissed, it does not reach these arguments.

I.  Background

Plaintiff is a frequent litigant in this district and has brought numerous actions against various entities under the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), and other state and federal statutes. This is the second in a line of three related actions in which he alleges that Defendant MRS and its employees contacted him a total of fourteen times between February 23, 2022, and May 5, 2022, seeking to collect on a debt that he does not owe, despite Plaintiff requesting numerous times that they stop calling him. Compl. at 1, ECF No. 1-1.

The first lawsuit, which was filed on May 1, 2022, alleges that MRS first called Plaintiff on February 23, 2022, see C.A. No. 1:22-cv-00232-WES-LDA, Compl. ¶ 31, 33, ECF No. 1-1, sent him "prerecorded message[s]" on four occasions in March and April 2022, id. ¶¶ 35-40, and called him six additional times between March 30, 2022, and April 26, 2022, id. ¶¶ 41-51.

In this action, Plaintiff alleges an additional call from MRS that occurred on May 2, 2022, the day after the Complaint in the first action was filed. See Compl. ¶ 78. He also adds Defendants Saul Freedman and Jeffrey Freedman to this action who, for reasons that are unknown to the Court, are not parties to the first action. See id. ¶¶ 32-47. The third action, which is dismissed on the same grounds as the present action, alleges an additional call

2

from MRS that occurred on May 5, 2022.  See C.A. No. 1:22-cv-00234-WES-LDA, Compl. ¶ 81, ECF No. 1-1.

II. Discussion

Under the FDCPA, damages are capped at $1,000 per action per defendant regardless of how many violations occurred. See 15 U.S.C. § 1692k(a)(2)(A).  To circumvent this limitation, Plaintiff deliberately pursues three separate actions for different FDCPA violations by the same Defendants in order to accrue damages in excess of $1,000.  See Compl. ¶¶ 5-10. Defendants contend that this constitutes impermissible claim splitting. Defs.' Mem. 8-12.

Claim splitting is "an aspect of res judicata." Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 986 (10th Cir. 2002).  But, unlike res judicata, it applies where a second suit has been filed before the first suit has reached final judgment. See 18 Fed. Prac. & Proc. Juris. § 4406 (3d ed.). The claim-splitting doctrine is "more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting finality of judgments." Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 841 (11th Cir. 2017) (quoting Katz v. Gerardi, 655 F.3d 1212, 1214 (10th Cir. 2011)).  The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Adams v.

3

Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).  Thus, "[a] litigant with multiple related claims must not separate, or split, the claims into multiple successive cases, but must include in the first action all of the claims that fall within the Court's jurisdiction."  Perry v. Alexander, No. 2:15-cv-00310-JCN, 2017 WL 3084387, at *3 (D. Me. July 19, 2017) (citing Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991)).

To determine whether the claim-splitting doctrine applies, courts ask "whether the first suit, assuming it were final, would preclude the second suit."  Vanover, 857 F.3d at 841 (quoting Katz, 655 F.3d at 1218).  Under the First Circuit's "transactional approach," the essential inquiry is whether "the causes of action arise out of a common nucleus of operative facts," in particular, "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations."  Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998) (quoting Aunyx Corp. v. Canon U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992)).  If the district court determines that a claim has been impermissibly split, it "may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both

actions." Adams v. Cal. Dep't of HealthServs., 487 F.3d 684, 688 (9th Cir. 2007).

Here, Plaintiff's three lawsuits all arise from a common nucleus of operative fact: that MRS allegedly wrongfully called Plaintiff multiple times over the course of approximately two months to collect on a debt he did not owe, despite him informing MRS that it had the wrong number and requesting that it stop calling him. See Compl. ¶¶ 49-79. The facts alleged in each action are "related in time, space, origin, and motivation," and, because they are based on the same evidence, "form a convenient trial unit." Mass. Sch. of Law, 142 F.3d at 38.

Although some courts have concluded in the context of FDCPA claims that claim preclusion "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit," that conclusion is limited to circumstances in which the subsequent violation "constitutes a separate event which may violate the FDCPA independently of prior communications from defendants" and is "distinct from the facts underlying the previous suit." Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262, 266-67 (D. Conn. 2005). Here, the subsequent call, although it occurred after the filing of the first Complaint, is a "connected, related transaction[], concerning a debt and efforts to collect that debt." Laccinole v. Diversified Consultants, Inc., No. 1:19-CV-00149-MSM-LDA, 2020 WL 1862969, at

5

*3 (D.R.I. Apr. 14, 2020); see Vanover v. NCO Fin. Sys., Inc., No. 8:15-cv-1434-T-33EAJ, 2015 WL 13540996, at *5 (M.D. Fla. Oct. 28, 2015), aff'd Vanover, 857 F.3d at 833 (concluding that claim splitting precluded second lawsuit because "the additional calls alleged by [plaintiff] merely constitute separate instances of the same course of conduct by [defendant]" despite each action alleging different calls); Calvert v. Alessi & Koenig, LLC, No. 2:11-CV-00333-LRH-PAL, 2013 WL 3833053, at *2 (D. Nev. July 22, 2013) ("[W]hile each complaint addresses a separate communication . . . the cases concern the same 'transactional nucleus of facts,'" and "are therefore subject to the bar on claim splitting."). "[T]hat Mr. Laccinole received calls after a previous filing does not change the fact that all of the calls arose from the same 'nucleus of operative facts.'" Laccinole, 2020 WL 1862969 at *4.

In addition, Defendants were not served with the Complaint in any of the three actions until May 31, 2022. Notice of Removal ¶ 2, ECF No. 1. "[T]he circumstances of his filings, . . . not served until almost a month after the [first] filing, demonstrates Mr. Laccinole has impermissibly attempted to circumvent the claim-splitting doctrine." Laccinole, 2020 WL 1862969 at *4.

This conclusion is bolstered by the language of the FDCPA itself, which provides that a court should consider "the frequency and persistence of noncompliance" by a defendant when determining an award of damages. 15 U.S.C. § 1692k(b)(1). "This suggests

that 'Congress did not intend each noncompliance to be its own action, . . . but rather wrote the statute with the understanding that multiple violations of the act would be addressed in a single action.'" Laccinole, 2020 WL 1862969 at *4 (quoting Raimondi v. McAllister & Assocs., Inc., 50 F. Supp. 2d 825, 828-29 (N.D. Ill. 1999)).  In addition, "[i]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." Id.

III. Conclusion

Because Plaintiff's successive complaints violate the claim-splitting doctrine, Defendants' Motion to Dismiss, ECF No. 4, is GRANTED.  Defendant's Motion to Amend Complaint, ECF No. 11, is DENIED as MOOT.

IT IS SO ORDERED.

/s/ WEsmith
William E. Smith
District Judge
Date:  January 3, 2023